BUDZEN v. MICHIGAN CENTRAL RAILROAD CO.

MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In action under Federal employers' liability act for personal injuries alleged to have been caused by defendant's negligence, judgment for defendant, on court's finding that it was not guilty of negligence, held, supported by preponderance of evidence.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 22, 1931. (Docket No. 182, Calendar No. 36,024.) Decided January 4, 1932.

Case under the Federal employers' liability act by Frank Budzen against Michigan Central Railroad Company, a Michigan corporation, for personal injuries alleged to be due to defendant's negligence. Judgment for defendant. Plaintiff appeals. Affirmed.

*Harry C. Milligan* (*Leo J. Carrigan,* of counsel), for plaintiff..

*John J. Danhof* (*Harold H. McLean,* of counsel), for defendant.

Fead, J.    Plaintiff, a trucksmith employed by defendant, while going from the engine house toward the blacksmith shop at night, came to a tire rack at which locomotive tires, weighing from 700 to 1,000 pounds each, were stacked on edge and inclining at an angle. Three of the tires fell on his foot. He claims the accident occurred by his stumbling over a two-by-four block of wood six inches long, which was stuck under the tires, and so releasing them. Defendant denied that such block of wood was, or could be, used in stacking the tires or that it was there when the tire men left the job at the end of the day, and that immediately after the accident plaintiff stated to the men who removed the tires from his foot that the accident had occurred because he was straightening the tires. He had no duty to perform in connection with them.

The action is under the Federal employers' liability act (45 USCA, §§ 51–59). The trial was before the court without a jury, and defendant had judgment. The court filed findings of fact and conclusions of law and answers to special questions.

The court held that the accident did not occur as claimed by plaintiff, and defendant was not guilty

of negligence. The finding is amply supported by a preponderance of the testimony, and renders it unnecessary to discuss other questions.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.